UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

GUSTAVO GARCIA,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        Civil Action No. 18-1822 (APM)
                                   )
ANTHONY BLINKEN, et al.,           )
                                   )
            Defendants.            )
                                   )
_____ )

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Plaintiff Gustavo Garcia ("Plaintiff") and Defendant United States Department of State ("Defendant"), by and through their respective undersigned counsel, hereby enter into the following Settlement Agreement and General Release ("Settlement Agreement"):

1.      The parties enter into this Settlement Agreement in order to make full and final settlement of any and all matters Plaintiff raised or could have raised in the above-captioned action (the "District Court Action") and all amendments, consolidations, or potential claims related to or arising from such matters.  Plaintiff agrees to accept the terms set forth herein in full satisfaction of, and in exchange for a full release of, any and all claims, demands, rights, and causes of action of any nature based upon or related to the District Court Action, the claims asserted by him, and his potential employment with the Defendant through the effective date of this Settlement Agreement.

2.      Settlement Payment.  Defendant shall pay to Plaintiff the sum of $25,000.00.  This payment shall be made by an electronic transfer of funds as specified in instructions provided in writing to Defendant's counsel by Plaintiff's counsel.  Payment shall be made as promptly as

practicable, consistent with the normal processing procedures followed by the Department of Justice and the Department of the Treasury, following the provisional dismissal of the above-captioned District Court Action pursuant to Paragraph 5 hereof.  Plaintiff and Plaintiff's counsel shall cooperate with Defendant to ensure that all documentation required to process this payment is complete and accurate.  This payment is inclusive of Plaintiff's attorney's fees, costs, and other litigation expenses, and Defendant shall have no further liability for those fees, costs, and expenses.  Plaintiff and Plaintiff's counsel shall be responsible for the distribution of the payment among themselves.

3.    Future Employment Opportunity.  Nothing in this Settlement Agreement shall be construed (a) to preclude Plaintiff from applying or being considered for any position in any federal agency, whether as an employee or contractor; or (b) to require that any federal agency, including Defendant, hire or contract with Plaintiff, or give Plaintiff any preference in any hiring or contracting process or decision.

4.    OWBPA Compliance.  Plaintiff acknowledges that he has been given at least twenty-one (21) calendar days within which to consider this Settlement Agreement and that the waiver of his rights and claims hereunder is a knowing and voluntary waiver.  Plaintiff may revoke his agreement to this Settlement Agreement during the seven (7) calendar day period following his execution hereof.  Such revocation must be in writing and delivered to Defendant's counsel on or before the seventh calendar day after the date on which Plaintiff signs this Settlement Agreement. Plaintiff is advised to consult with an attorney prior to signing this Settlement Agreement.  By his signature below, Plaintiff's counsel represents that: (i) he has served as Plaintiff's attorney with respect to this matter; (ii) he has examined this Settlement Agreement and has discussed its terms

with Plaintiff; and (iii) he believes that the requirements set forth in 29 U.S.C. § 626(f)(1)(A)-(G) have been fully satisfied in connection with this Settlement Agreement.

5.    <u>Dismissal with Prejudice.</u>    The execution of this Settlement Agreement shall obligate Plaintiff concurrently to execute a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) as to the claims against Defendant Department of State, which counsel for Plaintiff shall file immediately after the expiration of the revocation period in Paragraph 4.  The stipulation will provide that the above-captioned District Court Action shall be dismissed immediately without prejudice and that such dismissal shall be converted into a dismissal with prejudice within 60 days of filing.  The Stipulation will also provide Plaintiff the right to rescind the dismissal in that 60-day period should he not receive the Settlement Payment called for by Paragraph 1 within that period.

6.    <u>Additional Terms of the Agreement.</u>  Plaintiff and Defendant agree to the following additional terms:

a.  The Department of State will agree to search for and destroy the documents identified herein below, subject to the terms, conditions, and parameters specified.

i.  The Department of State will conduct a reasonable search for the State Documents (defined below) in both electronic and paper form at Embassy Mexico City, and will destroy or delete the State Documents that are located as a result of the reasonable search. The search for State Documents in physical form will include, at a minimum, searches of the Regional Security Office, the Fraud Prevention Unit, the Human Resources Office, and the physical files of all foreign service national

investigators (FSNIs).  In searching for the State Documents in electronic form, State will search any and all IT systems (including physical computers, shared drives, and emails) that meet both of the following requirements: (i) they are under the Department of State's control at Embassy Mexico City; (ii) there is a reasonable basis to expect that one or more State Documents reside on the systems.  After it has completed this process, the Department of State will provide to Plaintiff a certification stating that it has destroyed or deleted any and all State Documents it located during its search.  As used in this section, "State Documents" are:

1. Documents filed in this litigation: Dkt. #s 15-4, 19-1, 19-2, 19-4, 19-5, 19-28

2. 1/8/16 Plaintiff's Discovery Response, EEOC No. 570-2015-00728X: Pages 755-66, 809-22, 828-29, 831-33, 836-37, 842, 844-45, 847-49, 853, 855, 858-60, 862, 864

3. 2/5/16 Defendant's Discovery Response, EEOC No. 570-2015-00728X: Pages 575-87

4. 6/28/13 Report of Investigation, Case No. DOS-F-058-13: Pages 73-74

ii. In addition, as used herein, copies and originals of Bates Pages 309, 444, 445, and 446 of DOJ's Discovery Response dated February 26, 2018, in EEOC No. 570-2015-00729X shall be referred to as the "DOJ Documents."

b. The Department of State agrees to the following for a period of five years following the effective date of this agreement:

    i. If Plaintiff applies for employment with Embassy Mexico City following the execution of this Settlement Agreement, the Department of State will ensure that the personnel or individuals at the Department of State who were involved in consideration of Plaintiff's applications for positions that are the subject of this litigation will not be involved in future employment determinations by Embassy Mexico City.

    ii. If Plaintiff becomes the subject of any security certification decision by Embassy Mexico City following the execution of this Settlement Agreement, the Department of State will ensure that the FSNIs involved in that security certification determination will not have been involved in any of the prior security or employment decisions related to Plaintiff that were the subject of this litigation.

c. The Department of State further agrees that neither the State Documents nor the DOJ Documents will be used in any future employment determination with regard to any applications by Plaintiff for employment in a Department of State position at Embassy Mexico City or any security certification determination with regard to any applications by Plaintiff for employment in any position at Embassy Mexico City.

d. The Department of State represents that there is currently a practice under which Human Resources officials at Embassy Mexico City do not consider previous security certification decisions in relation to employment applications.

If this practice changes at any point during the period of five years following the effective date of this agreement, the Department of State agrees that it shall not consider previous security certification decisions in relation to any employment application submitted by Plaintiff.

e.  Within six months of the date of settlement, the Department of State will provide a training to all FSNIs in Embassy Mexico City that will address:

  i.  the Department of State's procedure for conducting security certification investigations;

  ii.  protecting 1st Amendment rights in the security certification process; and

  iii.  protecting information learned in the course of a security certification investigation, including disclosure limitations.

f.  Within 5 days of the expiration of the 7-day revocation period referred to in Paragraph 4 of this agreement, Plaintiff shall provide written notice to Defendant that he withdraws effective the date of this settlement agreement all pending FOIA and Privacy Act requests he previously made, regardless of their status.

7.  Release.  This Settlement Agreement provides for the full and complete satisfaction of all claims that have been, or could have been, asserted by Plaintiff in the District Court Action with respect to Plaintiff's potential employment with the Defendant.  Plaintiff releases Defendant from all such claims, including but not limited to all claims for compensatory damages, back pay, front pay, costs, attorney's fees, and interest or other compensation for delay.  Plaintiff agrees not to hereafter assert any claim, or institute or prosecute any civil or administrative action or other

proceeding, against the Defendant, the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any of the facts or events alleged in the District Court Action or that could have been alleged at any time up to the date on which he signs this Settlement Agreement.  Plaintiff hereby fully and forever releases and discharges the Defendant, the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which Plaintiff now has or may have arising out of or in connection with his application(s) for employment with any Agency of the federal government, including Defendant, occurring on or before the date on which he has executed this Settlement Agreement.  This release includes without limitation any rights or claims under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the Civil Service Reform Act of 1978, the Older Workers Benefit Protection Act of 1990, the Civil Rights Act of 1991, and/or the Family and Medical Leave Act of 1991, all as amended and currently in effect, as well as any and all claims for violations of Plaintiff's Constitutional rights. In connection with this release, Plaintiff acknowledges that he is aware that he may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which he now knows with respect to the rights and claims released herein. Nevertheless, Plaintiff agrees, through this Settlement Agreement, to settle and release all such rights and claims.  In addition to the above, Plaintiff represents that he has no current intention to seek through a FOIA or Privacy Act request or otherwise, and agrees that he will not submit any additional FOIA or Privacy Act requests to Defendant seeking any records or portions of records (including, but not limited to, requests for records relating to previous employment applications in

Mexico City) that Plaintiff could have previously requested before the date on which he executed this Settlement Agreement, unless he has reason to believe that Defendant is in breach of the Settlement Agreement; provided, however, that the parties agree that Plaintiff must first comply with the notice and 30-day cure period of the "Further Assurances" section below prior to submitting any additional FOIA or Privacy Act request based on a belief of an alleged breach of the Settlement Agreement. .

8.   <u>No Assignment</u>.  Plaintiff represents and warrants that he is the sole lawful owner of all the rights and claims which he has settled and released herein, and that he has not transferred or assigned any of those rights and claims or any interest therein.  Plaintiff shall indemnify, hold harmless, and defend the Defendant, the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

9.   <u>No Admission of Liability</u>.  This Settlement Agreement has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without further legal proceedings and to avoid the expense and risk of such litigation.  Therefore, this Settlement Agreement is not intended as, and shall not be deemed to be, an admission by either party of the merit or lack of merit of the opposing party's claims and defenses.  Without limiting the generality of the foregoing, this Settlement Agreement does not constitute, and shall not be construed as, an admission that Defendant, or any of the Defendant's present or former employees or agents, violated any of Plaintiff's rights or any laws or regulations, nor shall this Settlement Agreement be construed as an admission of any contested fact alleged by Plaintiff in connection with this case or otherwise.  This Settlement Agreement may not be used as evidence or otherwise in any civil or administrative action or proceeding against Defendant, the United States or any of its agencies

or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

10.     <u>Tax Consequences.</u>   Plaintiff acknowledges that he has not relied on any representations by Defendant or Defendant's employees or agents as to the tax consequences of this Settlement Agreement or any payments made by or on behalf of Defendant hereunder. Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Settlement Agreement that are applicable to Plaintiff.

11.     <u>Entire Agreement</u>.   This Settlement Agreement contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof.   No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

12.     <u>Amendments</u>.   The terms of this Settlement Agreement may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by both parties.

13.     <u>Construction</u>.   The parties acknowledge that the preparation of this Settlement Agreement was collaborative in nature, and agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Settlement Agreement or any term of provision hereof.

14.     Headings.   The paragraph headings in this Settlement Agreement have been inserted for convenience of reference only and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

15.     Severability.    The provisions of this Settlement Agreement are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Settlement Agreement.

16.     Further Assurances.  If either party at any time believes that the other party is in breach of this Settlement Agreement, that party shall notify the other party of the alleged breach. The other party shall then have thirty (30) days to cure the breach or otherwise respond to the claim.  The parties shall make a good faith effort to resolve any dispute arising from or regarding this Settlement Agreement before bringing the dispute to the district court's attention.  Attorney's fees and costs shall be the responsibility of the party determined to have breached this agreement. The district court shall retain jurisdiction over this Settlement Agreement, including to hear disputes regarding it and to enforce its terms.

17.     Notices.  Any notice required or permitted to be given pursuant to this Settlement Agreement shall be in writing and shall be delivered by hand or transmitted by e-mail and addressed as follows or as each party may subsequently specify by written notice to the other:

Notices to Plaintiff

Kel McClanahan
National Security Counselors
4702 Levada Terrace
Rockville, MD 20853
Telephone: (301) 728-5908
Facsimile: (240) 681-2189

Email: kel@nationalsecuritylaw.org

<u>Notices to Defendant</u>

Marianne Perciaccante
Assistant Legal Adviser, L/EMP
U.S. Department of State
2201 C St NW
6817 (HST)
Washington, DC 20520
PerciaccanteM@state.gov

*with copy to:*

Stephen DeGenaro
Assistant United States Attorney
U.S. Attorney's Office – Civil Division
601 D Street, NW
Washington, D.C. 20530
Stephen.DeGenaro@usdoj.gov

*and*

Chief, Civil Division
United States Attorney for the District of Columbia
601 D Street, NW
Washington, D.C.  20530
brian.hudak@usdoj.gov

18.    <u>Execution</u>.  This Settlement Agreement may be executed in two or more parts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement.  A facsimile or other duplicate of a signature shall have the same effect as a hand-executed original.  This agreement is not binding on Defendant until it is signed by State Department WHA/EX Executive Director Karin B. Sullivan, or designee, and the Assistant United States Attorney ("AUSA") serving as counsel in the District Court Action.  The State Department WHA/EX Executive Director, or designee, and the AUSA will sign the Settlement Agreement within fourteen days of receipt of Plaintiff's signatures.  This agreement's effective date shall be

20.     <u>Binding Effect and Effective Date</u>.  Upon execution of this Settlement Agreement by all parties hereto, this Settlement Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns; provided, however, that the Settlement Agreement herein shall not become enforceable until the revocation period provided for in Paragraph 4 has expired.  Each signatory to this Settlement Agreement represents and warrants that he or she is fully authorized to enter into this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Settlement Agreement on the dates shown below.

Plaintiff:

GUSTAVO GARCIA
Plaintiff

Date:    March 9, 2023

KEL MCCLANAHAN
Counsel for Plaintiff

Date:    3/9/23

**Defendant:**
MATTHEW M. GRAVES, D.C. Bar #481052
Acting United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____
STEPHEN DEGENARO

Digitally signed by STEPHEN
DEGENARO
Date: 2023.03.23 12:07:03 -04'00'

STEPHEN DEGENARO
Assistant United States Attorney
601 D Street N.W.
Washington, D.C. 20530
(202) 252-7229
Stephen.DeGenaro@usdoj.gov

Date: _____


_____
KARIN B. SULLIVAN
Executive Director, WHA/EX
U.S. Department of State
2201 C St NW
3262 (HST)
Washington DC 20520
(202) 647-3318
sullivankb@state.gov

Date: __3/23/2023_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUSTAVO GARCIA, | ) )  ) |
| Plaintiff, | ) ) |
| v. | )  )  Civil Action No. 18-1822 (APM) |
| ANTHONY BLINKEN, et al., | ) ) |
| Defendants. | ) ) ) |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Plaintiff Gustavo Garcia ("Plaintiff") and Defendant United States Department of Justice ("Defendant"), by and through their respective undersigned counsel, hereby enter into the following Settlement Agreement and General Release ("Settlement Agreement"):

1.      The parties enter into this Settlement Agreement in order to make full and final settlement of any and all matters Plaintiff raised or could have raised in the above-captioned action (the "District Court Action") and all amendments, consolidations, or potential claims related to or arising from such matters.  Plaintiff agrees to accept the terms set forth herein in full satisfaction of, and in exchange for a full release of, any and all claims, demands, rights, and causes of action of any nature based upon or related to the District Court Action, the claims asserted by him, and his potential employment with the Defendant through the effective date of this Settlement Agreement.

2.      Future Employment Opportunity.  Nothing in this Settlement Agreement shall be construed (a) to preclude Plaintiff from applying or being considered for any position in any federal agency, whether as an employee or contractor; or (b) to require that any federal agency, including

Defendant, hire or contract with Plaintiff, or give Plaintiff any preference in any hiring or contracting process or decision.

3.     <u>OWBPA Compliance.</u>   Plaintiff acknowledges that he has been given at least twenty-one (21) calendar days within which to consider this Settlement Agreement and that the waiver of his rights and claims hereunder is a knowing and voluntary waiver.  Plaintiff may revoke his agreement to this Settlement Agreement during the seven (7) calendar day period following his execution hereof.  Such revocation must be in writing and delivered to Defendant's counsel on or before the seventh calendar day after the date on which Plaintiff signs this Settlement Agreement. Plaintiff is advised to consult with an attorney prior to signing this Settlement Agreement.  By his signature below, Plaintiff's counsel represents that: (i) he has served as Plaintiff's attorney with respect to this matter; (ii) he has examined this Settlement Agreement and has discussed its terms with Plaintiff; and (iii) he believes that the requirements set forth in 29 U.S.C. § 626(f)(1)(A)-(G) have been fully satisfied in connection with this Settlement Agreement.

4.     <u>Dismissal with Prejudice.</u>   The execution of this Settlement Agreement shall obligate Plaintiff concurrently to execute a stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) as to the claims against Defendant Department of Justice, which counsel for Defendant shall file immediately after the expiration of the revocation period in Paragraph 3. The stipulation will provide that the above-captioned District Court Action shall be dismissed immediately without prejudice and that such dismissal shall be converted into a dismissal with prejudice within 60 days of filing.  The Stipulation will also provide Plaintiff the right to rescind the dismissal in that 60-day period should he not receive the Settlement Payment called for by the Settlement Agreement with Defendant U.S. Department of State in this action.

5.      Additional Terms of the Agreement.  Plaintiff and Defendant agree to the following additional terms:

a.   The Department of Justice will search for copies and originals of Bates Pages 309, and 444-446 of DOJ's Discovery Response dated February 26, 2018, in EEOC No. 570-2015-00729X (the "DOJ Documents") as follows:

    i.   The Criminal Division's Administrative Officer who is located in Mexico City will conduct a reasonable physical search of the Mexico City office space utilized by the Criminal Division's Overseas Prosecutorial Development Assistance and Training (OPDAT) and International Criminal Investigative Training Assistance Program (ICITAP) Sections (this is non-embassy office space) for the DOJ Documents (defined above).  Any and all DOJ Documents that are found in said office space will be destroyed.

   ii.   The Criminal Division's Mexico City Attaché will conduct a reasonable physical search of the office space utilized by the Criminal Division's Office of International Affairs (OIA) (located in the embassy) for the DOJ Documents.  Any and all DOJ Documents that are found in said office space will be destroyed.

  iii.   The Criminal Division will conduct an electronic search for the DOJ Documents on the OPDAT and OIA shared drive (S: drive) used in Mexico City, by using the Boolean search term queries (Gustavo AND Garcia), (Gustavo AND Arias), and (Garcia AND Arias). Any and all

DOJ Documents that are found in this electronic search will be deleted from the S: drive.

iv. Plaintiff understands that any and all copies of the DOJ Documents that exist in the physical and/or electronic files of the Criminal Division's General Counsel will not be destroyed or deleted, except pursuant to the applicable retention schedule.  The DOJ Documents in the files of CRM OGC shall not be disseminated to any entity or utilized in any manner in connection with a future hiring or security certification decision, to the extent that DOJ plays a role in such matters.

v. After it has completed this process, the Department of Justice will provide to Plaintiff a certification stating that it has complied with the terms set forth above and that it destroyed or deleted any DOJ Documents (except those copies that exist in the physical and/or electronic files of the Criminal Division's General Counsel) that it located, if any, during its search.

b. The Department of Justice agrees that for a period of five years following the effective date of this agreement, it will notify all Criminal Division employees who serve as the selecting or recommending official on a hiring panel for an Embassy Mexico City position that they are not to consider the previous denial of a security certification as a disqualifying factor in the selection process.

c. The Department of Justice further agrees that its Criminal Division personnel involved in the selection process for Mexico City positions shall not consult

with Regional Security Office personnel about applicants until after an applicant is selected for the position.

d. Within 5 days of the expiration of the 7-day revocation period referred to in Paragraph 4 of this agreement, Plaintiff shall provide written notice to Defendant Department of Justice that, effective the date of this settlement agreement, he withdraws all pending FOIA and Privacy Act requests he previously made, regardless of their status.

6.     Release.  This Settlement Agreement provides for the full and complete satisfaction of all claims that have been, or could have been, asserted by Plaintiff in the District Court Action with respect to Plaintiff's potential employment with the Defendant.  Plaintiff releases Defendant from all such claims,  including but not limited to all claims for compensatory damages, back pay, front pay, costs, attorney's fees, and interest or other compensation for delay.  Plaintiff agrees not to hereafter assert any claim, or institute or prosecute any civil or administrative action or other proceeding, against the Defendant, the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any of the facts or events alleged in the District Court Action or that could have been alleged at any time up to the date on which he signs this Settlement Agreement.  Plaintiff hereby fully and forever releases and discharges the Defendant, the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which Plaintiff now has or may have arising out of or in connection with his application(s) for employment with any Agency of the federal government, including Defendant, occurring on or before the date on which he has executed this Settlement Agreement.  This release includes without

limitation any rights or claims under the Equal Pay Act of 1963, Title VII of the Civil Rights Act

of 1964, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the

Civil Service Reform Act of 1978, the Older Workers Benefit Protection Act of 1990, the Civil

Rights Act of 1991, and/or the Family and Medical Leave Act of 1991, all as amended and

currently in effect, as well as any and all claims for violations of Plaintiff's Constitutional rights.

In connection with this release, Plaintiff acknowledges that he is aware that he may hereafter

discover rights or claims presently unknown and unsuspected, or facts in addition to or different

from those which he now knows with respect to the rights and claims released herein.

Nevertheless, Plaintiff agrees, through this Settlement Agreement, to settle and release all such

rights and claims.  In addition to the above, Plaintiff represents that he has no current intention to

seek records from Defendant through a FOIA or Privacy Act request or otherwise, and agrees that

he will not submit any additional FOIA or Privacy Act requests to Defendant seeking any records

or portions of records (including, but not limited to, requests for records relating to previous

employment applications in Mexico City) that Plaintiff could have previously requested before the

date on which he executed this Settlement Agreement, unless he has reason to believe that

Defendant is in breach of the Settlement Agreement; provided, however, that the parties agree that

Plaintiff must first comply with the notice and 30-day cure period of the "Further Assurances"

section below prior to submitting any additional FOIA or Privacy Act request based on a belief of

an alleged breach of the Settlement Agreement. .

     7.   <u>No Assignment</u>.  Plaintiff represents and warrants that he is the sole lawful owner

of all the rights and claims which he has settled and released herein, and that he has not transferred

or assigned any of those rights and claims or any interest therein.  Plaintiff shall indemnify, hold

harmless, and defend the Defendant, the United States, its agencies and officials, and its present

and former employees and agents, in their official and individual capacities, from and against any

transferred, assigned, or subrogated interests in those rights and claims.

8.      No Admission of Liability.  This Settlement Agreement has been entered into by

Plaintiff and Defendant solely for the purposes of compromising disputed claims without further

legal proceedings and to avoid the expense and risk of such litigation.  Therefore, this Settlement

Agreement is not intended as, and shall not be deemed to be, an admission by either party of the

merit or lack of merit of the opposing party's claims and defenses.  Without limiting the generality

of the foregoing, this Settlement Agreement does not constitute, and shall not be construed as, an

admission that Defendant, or any of the Defendant's present or former employees or agents,

violated any of Plaintiff's rights or any laws or regulations, nor shall this Settlement Agreement

be construed as an admission of any contested fact alleged by Plaintiff in connection with this case

or otherwise.  This Settlement Agreement may not be used as evidence or otherwise in any civil

or administrative action or proceeding against Defendant, the United States or any of its agencies

or officials or present or former employees or agents, either in their official or individual capacities,

except for proceedings necessary to implement or enforce the terms hereof.

9.      Entire Agreement.  This Settlement Agreement contains the entire agreement

between the parties hereto and supersedes all previous agreements, whether written or oral,

between the parties relating to the subject matter hereof.  No promise or inducement has been made

except as set forth herein, and no representation or understanding, whether written or oral, that is

not expressly set forth herein shall be enforced or otherwise be given any force or effect in

connection herewith.

10.     Amendments.   The terms of this Settlement Agreement may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by both parties.

11.     Construction.   The parties acknowledge that the preparation of this Settlement Agreement was collaborative in nature, and agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Settlement Agreement or any term of provision hereof.

12.     Headings.   The paragraph headings in this Settlement Agreement have been inserted for convenience of reference only and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

13.     Severability.    The provisions of this Settlement Agreement are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Settlement Agreement.

14.     Further Assurances.   If either party at any time believes that the other party is in breach of this Settlement Agreement, that party shall notify the other party of the alleged breach. The other party shall then have thirty (30) days to cure the breach or otherwise respond to the claim.  The parties shall make a good faith effort to resolve any dispute arising from or regarding this Settlement Agreement before bringing the dispute to the district court's attention.  Attorney's fees and costs shall be the responsibility of the party determined to have breached this agreement. The district court shall retain jurisdiction over this Settlement Agreement, including to hear disputes regarding it and to enforce its terms.

15.     Notices.  Any notice required or permitted to be given pursuant to this Settlement Agreement shall be in writing and shall be delivered by hand or transmitted by e-mail and addressed as follows or as each party may subsequently specify by written notice to the other:

> Notices to Plaintiff
>
> > Kel McClanahan
> > National Security Counselors
> > 4702 Levada Terrace
> > Rockville, MD 20853
> > Telephone: (301) 728-5908
> > Facsimile: (240) 681-2189
> > Email: kel@nationalsecuritylaw.org
>
> Notices to Defendant
>
> > Matthew Vince
> > Office of General Counsel
> > United States Department of Justice
> > Criminal Division
> > 1400 New York Avenue, Sixth Floor
> > Washington, D.C.  20530
> > Matthew.Vince2@usdoj.gov
>
> > *with copy to:*
>
> > Stephen DeGenaro
> > Assistant United States Attorney
> > U.S. Attorney's Office – Civil Division
> > 601 D Street, NW
> > Washington, D.C. 20530
> > Stephen.DeGenaro@usdoj.gov
>
> > *and*
>
> > Chief, Civil Division
> > United States Attorney for the District of Columbia
> > 601 D Street, NW
> > Washington, D.C.  20530
> > brian.hudak@usdoj.gov

16.     Execution.  This Settlement Agreement may be executed in two or more parts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and

the same agreement.  A facsimile or other duplicate of a signature shall have the same effect as a hand-executed original.  This agreement is not binding on Defendant until it is signed by Matthew Vince, or designee, and the Assistant United States Attorney ("AUSA") serving as counsel in the District Court Action.  Matthew Vince, or designee, and the AUSA will sign the Settlement Agreement within fourteen days of receipt of Plaintiff's signatures.  This agreement's effective date shall be the date it is signed by Matthew Vince, or designee, and all time frames set forth in this agreement shall be measured from that effective date.

17.    Governing Law.  This Settlement Agreement shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

18.    Binding Effect and Effective Date.  Upon execution of this Settlement Agreement by all parties hereto, this Settlement Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns; provided, however, that the Settlement Agreement herein shall not become enforceable until the revocation period provided for in Paragraph 4 has expired.  Each signatory to this Settlement Agreement represents and warrants that he or she is fully authorized to enter into this Settlement Agreement.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Settlement Agreement on the dates shown below.

**Plaintiff:**

GUSTAVO GARCIA
Plaintiff

Date: ____March 9, 2023____

KEL MCCLANAHAN
Counsel for Plaintiff

Date: ____3/9/23____

**Defendant:**

MATTHEW M. GRAVES, D.C. Bar #481052
Acting United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: STEPHEN DEGENARO _____
Digitally signed by STEPHEN DEGENARO
Date: 2023.03.21 10:14:52 -04'00'

STEPHEN DEGENARO
Assistant United States Attorney
601 D Street N.W.
Washington, D.C. 20530
(202) 252-7229
Stephen.DeGenaro@usdoj.gov

Date: _____

MATTHEW
VINCE _____
Digitally signed by MATTHEW VINCE
Date: 2023.03.14 13:47:41 -04'00'

Matthew Vince
Office of General Counsel
United States Department of Justice
Criminal Division
1400 New York Avenue, Sixth Floor
Washington, D.C.  20530
Matthew.Vince2@usdoj.gov

Date: _____